AGATA CAPPUCCIO, EXECUTRIX, ETC., PLAINTIFF, v. HAMMONTON ELECTRIC LIGHT COMPANY, DEFEND-ANT.

Submitted July 6, 1922—Decided November 9, 1922.

1. Decedent, in the prosecution of his work, climbed a pole upon which were strung certain telephone wires of his employer, and also electric light wires belonging to the defendant, his purpose being to repair one of the telephone wires. While engaged in this work a portion of his body came in contact with an electric light wire and he was killed. *Held*, that the fact that the telephone company was maintaining upon this pole wires used in its business raised a presumption that it had acquired a right to so maintain them, and therefore its workmen, when sent to repair such wires, were not trespassers in ascending the pole for such purpose.

2. Where an electric light company which permits a telephone company to string wires on its poles which also carries its wires, knows that such wires carry a dangerous current, it is presumed, also, to know that, in the exercise of the telephone company's rights, its workmen will be required to ascend its poles, and this knowledge imposes on it a high degree of care to prevent injury to such employes under these conditions.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Hutchinson & Hutchinson.*

*Contra, Westcott & Weaver.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action under the Death act. The plaintiff's decedent was an employe of the Hammonton Telephone Company, his work being that of a lineman. In the prosecution of his work he climbed a pole upon which were strung certain telephone wires of his employer, and also certain electric light wires belonging to the defendant corporation; his purpose being to repair one of the telephone wires. While engaged in this work a portion of his body (the evidence justifies the conclusion that it was his left knee) came in contact with one of the defendant company's electric light wires, with the result that the current therefrom passed through his body, causing a shock so severe that his death resulted a few days later.

The plaintiff had a verdict and we are asked to set it aside.

The first contention made on behalf of the defendant is that the trial court erroneously refused a motion to nonsuit. It is said that this motion should have been granted for two reasons—*first*, that the defendant company owed no duty to the decedent, for the reason that the latter was a mere trespasser upon the pole. The evidence showed that he was not a trespasser. The fact that the telephone company was maintaining upon this pole wires used in its business, raised the presumption that it had acquired a right to so maintain them. Accepting this presumption, it follows that the telephone company had a right to resort to those wires for the purpose of repairing them, and its workmen, when sent to make such repairs and when ascending the pole for that purpose, would not be trespassers, but would be there to exercise the right which their employer had in respect to its wires. *Kelly* v. *Bergen County Gas Co.*, 74 *N. J. L.* 604.

It is further argued that the nonsuit should have been allowed because there was nothing in the proofs submitted by the plaintiff upon which to predicate the existence of negligence on the part of the defendant. But this is immaterial if, on the whole case, there was evidence to justify the conclusion that such negligence existed. *Benoliel* v. *Homac*, 87

*N. J. L.* 375; *Sefler* v. *Vanderbeek & Sons,* 88 *Id.* 636. Our examination of the proofs sent up with the rule discloses the existence of such evidence. The defendant company knew that its electric light wires carried a dangerous current, and it is presumed also to have had knowledge that, in the exercise of the telephone company's rights, its workmen would be compelled to ascend this pole, and so be brought in close proximity to its electric light wires; and this knowledge imposed upon the defendant a high degree of care to prevent injury to such employes under these conditions. *Kelly* v. *Bergen County Gas Co., supra.* The proofs showed that the electric light wires which were attached to this particular pole were not at that point so insulated as to afford protection to parties who might accidentally come in contact with them; and this fact, taken in connection with the other facts just referred to, made the question whether or not the defendant company exercised that degree of care which the law imposed upon it for the protection of the decedent one to be settled by the jury and not by the court.

It is further contended that there was error in the refusal to direct a verdict for the defendant. The grounds upon which the motion was rested are the same which we have discussed in considering the question of the propriety of the refusal to nonsuit, and, for the reasons indicated, we think the court properly refused to take the case from the jury.

It is further contended that the verdict should be set aside because it is against the preponderance of the evidence, both upon the question of the negligence of the defendant company and upon the question of the contributory negligence of plaintiff's decedent. We have examined the testimony in view of this contention, and conclude that it is without merit. The facts above recited bearing upon the question of the negligence of the defendant, we think, justify the finding of the jury upon that question. The theory that the decedent was guilty of contributory negligence is based principally upon two facts—*first,* that he failed to use rubber gloves in doing this repair work; and *second,* that he wore spurs for the

climbing of the pole rather than a ladder. If the contact with the wire of the defendant company had been with his hands, the absence of the gloves might have been a material circumstance; and this is so with relation to the use of spurs, if the contact had been made with one of them. But, as we already pointed out, the cause of the electric shock resulted from the left knee of the decedent coming in contact with the wire, and neither the presence of gloves nor the absence of spurs would have prevented the injury which he received. The testimony of a witness that it would have been safer to use a ladder than spurs in climbing this pole is of very little value. It is a mere expression of belief on the part of the witness, which may or may not be justified in fact. At best, it was a mere matter to be considered by the jury in reaching their verdict, and would not justify the court in setting that verdict aside upon any such theory.

The only other contention is that the charge of the court was erroneous in law. This contention is argued perfunctorily by counsel, but he fails to point out what particular part of the charge contained legal error, and, consequently, this matter is not before us for determination.

The rule to show cause will be discharged.